**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1212**

---

FRED SCHLEICHER, JR.,

                    Plaintiff - Appellant,

          v.

TA OPERATING CORPORATION; BRAD ERKSON,

                    Defendants - Appellees.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:06-cv-00133-FPS)

---

Submitted:  February 20, 2009          Decided:  March 23, 2009

---

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ronald William Kasserman, KASSERMAN LAW OFFICES, PLLC, Wheeling, West Virginia, for Appellant.  C. David Morrison, Jill O. Florio, STEPTOE & JOHNSON PLLC, Clarksburg, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Schleicher, Jr. ("Schleicher"), appeals the district court's adverse grant of summary judgment, following discovery, and dismissal of his civil action against his former employer, TA Operating Corporation ("TA") and Brad Erkson ("Erkson"), in which he alleged fraudulent inducement relative to a job at which Schleicher worked for one day before quitting. The facts surrounding the interview process and events leading up to Schleicher's leaving the job are well known to the parties, were set forth in detail by the district court in its memorandum opinion and order, and thus will not be recounted here. On appeal, Schleicher claims the district court erred in its dismissal of his complaint on summary judgment, asserting that there existed genuine issues of material fact concerning the nature of his job title and/or duties and whether he would have any weekends free to exercise visitation with his son.

We review a district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. Holland v. Washington Homes, Inc., 487 F.3d 208, 213 (4th Cir. 2007), cert. denied, 128 S. Ct. 955 (2008). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2

Fed. R. Civ. P. 56(c).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  With these standards in mind, we have reviewed the parties' briefs and the record, and find no reversible error.

As a preliminary matter, the district court properly held that, under West Virginia law, Schleicher was required to prove his fraudulent inducement claim by clear and convincing evidence.  See Tri-State Asphalt v. McDonough Co., 182 W. Va. 757, 762, 391 S.E.2d 907, 912 (1990) (quoting Calhoun County Bank v. Ellison, 133 W. Va. 9, 54 S.E.2d 182 (1949)).[1]  It is insufficient to establish fraud based on promissory statements or statements of intention, and actionable representation must constitute more than "mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to

---

[1] To prevail on a claim for fraudulent inducement under West Virginia law, a plaintiff must show:  "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that [the] plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that [the plaintiff] was damaged because he relied upon it."  Lengyel v. Lint, 167 W. Va. 272, 276-77, 280 S.E.2d 66, 69 (1981).  See also Kidd v. Mull, 215 W. Va. 151, 156, 595 S.E.2d 308, 313 (2004).

future events . . . even though a party acted in reliance on such promise." Janssen v. Carolina Lumber Co., 137 W. Va. 561, 570, 73 S.E.2d 12, 17 (1953). A presumption always exists in favor of honesty and innocence in any given instance, and the burden is on the individual alleging fraud to prove it by "clear and distinct evidence." White v. National Steel Corp., 938 F.2d 474, 490 (4th Cir. 1991).

While Schleicher takes issue with the title, duties, and conditions of the position to which he was hired, none of the acts of which he complains meet the essential elements for fraudulent inducement under West Virginia law. Specifically, Schleicher admits that he was to report to the Jessup, Maryland location until his training in Virginia began. While he complains of the tasks he was given, the schedule he was to work, and the lack of training he received on his first day of work, he terminated his employment prior to anyone having the opportunity to discuss his concerns with him, or to rectify any misunderstandings or miscommunications that may have occurred. The evidence reveals that a multi-stage, detailed and comprehensive General Manager training program lasting at least two months was planned for Schleicher, which program had not yet been communicated to Schleicher prior to his quitting his job.

Schleicher also claims he was fraudulently induced to accept a job other than the General Manager in training job he

4

was promised. However, the evidence demonstrates that Schleicher had, in fact, been hired as a General Manager in training, as expressed in the employment offer letter he was given by TA, that he was being compensated as such, and that the training program for which he was scheduled was set up to train him as a General Manager. To support his claim of fraudulent inducement, Schleicher points to the facts that Spencer, the existing General Manager of the Jessup location, gave him menial duties his first day and believed that he had been hired as her assistant.[2] However, the evidence demonstrates that these actions were not directed by TA or Erkson, and Schleicher did not discuss these concerns with Spencer or give Erkson or TA the opportunity to rectify Spencer's misunderstandings.[3] Such

---

[2] As Schleicher was under the impression that he eventually was going to be replacing Spencer as the General Manager of the Jessup location, he could not have relied upon her characterization of his job, his title, or the duties of his employment to support any claim that he relied upon a material and false act.

[3] Schleicher admits he received and failed to return Erkson's return telephone call on what would have been Schleicher's second day of work, in which Erkson intended to discuss with Schleicher the concerns he raised in his call to Erkson the evening before.

Moreover, while Schleicher contends that a legitimate mistake does not negate a cause of action for fraud, citing Kidd v. Mull, 215 W. Va. 151, 157, 595 S.E.2d 308, 314 (2004), a case involving commercial real estate, Kidd, as well as the other cases relied upon by Schleicher in his Appellate Brief, are distinguishable because they involve commercial sales. As this (Continued)

5

misunderstandings by Spencer do not establish fraud by TA or Erkson.[4]  See Janssen, 137 W. Va. at 570, 73 S.E.2d at 17.

Further, with regard to the fact that Spencer had prepared a schedule for Schleicher that had him working on Saturdays, that schedule was inconsistent with the schedule prepared by the training manager, and more importantly, was not inconsistent with Erkson's promise to Schleicher that TA would

_____

court noted in White, where plaintiffs allege fraud by their employers by failing to inform them of various material facts affecting their employment, there is "no indication that West Virginia would have [the Court] adopt a legal doctrine developed in the context of commercial sales and apply it within employment relationships in such a way that non-disclosure on the part of an employer operates as constructive fraud and disclosure operates as a binding unilateral contract." White, 938 F.2d at 490.

[4] Nor can Erkson's hope to make Schleicher a "Co-General Manager" at some indeterminable point in the future be said to constitute fraud, as the district court correctly found.  The record evidence established, though Schleicher's own admissions, that the subject of Schleicher being made a Co-General Manager never came up in any of his discussions with Erkson prior to September 19, 2005.  Moreover, there is no dispute that, at the time Erkson hired Schleicher, there was no such position as a "Co-General Manager," nor was there any program approved by TA for placing two general managers in one location.  Hence, Schleicher cannot establish that a material and false representation was made by Erkson relative to the Co-General Manager title, especially given the fact that Schleicher concedes that the first time he heard anything about the possibility that there might be two General Managers at the Jessup site was during his unemployment compensation hearing on December 15, 2005, nearly three months after he left his job with TA.

"work with" Schleicher to allow him to have some free weekends.[5] Schleicher provided no evidence whatsoever that TA or Erkson ever promised that he would have every weekend, any specific weekend, or even the first weekend off from work so he could visit his son. Nor did the one day Schleicher worked provide TA, Erkson, or even Spencer with the opportunity to "work with" Schleicher on his schedule.

Hence, we find no error by the district court in its determination that Schleicher failed to establish, by clear and convincing evidence, that any of TA or Erkson's actions were intended to fraudulently induce Schleicher to accept the job with the company. As the district court held, what is clear is that the parties may have experienced a number of misunderstandings, miscommunications, and confusion regarding Schleicher's training and employment conditions, but these do not constitute fraudulent inducement under the applicable law.

Accordingly, we affirm the district court's grant of summary judgment and the dismissal of Schleicher's complaint. We dispense with oral argument because the facts and legal

---

[5] This promise was included in the stipulation of facts submitted to the district court prior to its ruling on the summary judgment motion.

7

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED